**In re Grand Jury investigation and Subpoena served upon Harold GOLDMAN, Esquire.**

**Misc. No. 5183.**

United States District Court, W. D. Pennsylvania.

April 26, 1971.

As Amended April 27, 1971.

## MEMORANDUM AND ORDER DENYING PETITION TO INTERVENE, QUASH SUBPOENA AND PREVENT TESTIMONY OF HAROLD GOLDMAN

KNOX, District Judge.

This matter came before the court on Petition of Leonard A. Civill, a member of the bar, asking for relief as above set forth against a subpoena issued to Harold Goldman, Esquire, a member of the bar, by the government to appear before the special grand jury now sitting in this district. The petition is filed by Leonard A. Civill who avers that he is a client of Mr. Goldman who has represented him with respect to his income tax affairs and that said affairs are presently under investigation. The petitioner represents that he fears that Mr. Goldman will be forced to disclose confidential communications between him and petitioner. Petitioner asks that a list of questions to be asked Mr. Goldman be made available and ruled on by the court in advance. It appears that Mr. Goldman has his own counsel, Stanley W. Greenfield, Esq., who will be available outside the door to the grand jury room for consultation by Mr. Goldman during the course of his testimony.

It is the opinion of the court that 26 U.S.C. § 7602 is not the exclusive method for investigation by the government into income tax affairs and that the same was not intended to limit the powers of a grand jury. The attorneys conducting this grand jury were particularly authorized to inquire into internal revenue matters as well as other violations of Federal Criminal Laws.

It does not appear practical to the court to require the government to submit these questions in advance since the answer to one question cannot be foreseen and may lead to another. The court will, therefore, deny this request. It appears to the court that the attorney-client privilege must be voluntarily respected. However, we believe that there will be sufficient protection if Mr.

Goldman is given the opportunity to consult with counsel as to whether any particular question entrenches upon the attorney-client privilege. If he refuses to answer, the matter can then be brought before the court and the court will rule on the matter in accordance with the guidelines established in Philadelphia Housing Authority v. American Radiator, etc. Corp., 294 F.Supp. 1148 (E.D. Pa.1969), citing other cases.