**In re Alvin KADISH, a witness before the Special January 1974 Grand Jury.**

**No. 74 GJ 305.**

United States District Court,
N. D. Illinois, E. D.

June 24, 1974.

Harvey M. Silets, Theodore A. Sinars, Harris, Burman & Silets, Chicago, Ill., for petitioner Alvin Kadish.

James R. Thompson, U. S. Atty., Peter F. Vaira, Gregor H. Ward, Asst. U. S. Attys., Chicago, Ill., for United States.

MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on the petition of Alvin Kadish to quash a sub-

poena of the Special January 1974 Grand Jury on the ground that the grand jury is being misused by the government. For the reasons set forth below, this petition shall be denied.

The petitioner contends that the grand jury is being used 1) to deny his rights to administrative procedures promulgated under 26 U.S.C. § 7602 and 2) as a subterfuge to obtain information in a civil tax investigation being conducted by the IRS.

■■ Petitioner's first contention is premised on the theory that once the IRS initiates a civil tax investigation, the grand jury may not commence a criminal tax investigation without affording petitioner all the administrative procedural rights established in 26 U.S. C. § 7602. In response to a similar argument, the court in In re Goldman, 331 F.Supp. 509, at 510 (W.D.Pa.1971) said:

"It is the opinion of the court that 26 U.S.C. § 7602 is not the exclusive method for investigation by the government into income tax affairs and that the same was not intended to limit the powers of a grand jury. The attorneys conducting this grand jury were particularly authorized to inquire into internal revenue matters as well as other violations of Federal Criminal Laws."

The investigative powers of the grand jury must of necessity be broad if its public responsibility is to be adequately discharged. Branzburg v. Hayes, 408 U.S. 665, 700, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). There is no indication that these powers were meant to be curtailed through the enactment of § 7602. See In re April 1956 Term Grand Jury, 239 F.2d 263, 270 (7th Cir. 1956).

■ Moreover, the issues raised by petitioner are premature, and are more properly raised at the time of indictment by the challenged grand jury. In re April 1956 Term Grand Jury, supra at 272–273.

■ Petitioner's second contention is that the grand jury investigation was merely a subterfuge to obtain information in a civil tax investigation being conducted by the IRS. It is well established that a grand jury may not be utilized solely for the purpose of making an investigation of civil matters. United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). However, this does not preclude the government from using evidence, legitimately developed by the grand jury, in concurrent or future civil proceedings. United States v. Procter & Gamble, supra; United States v. General Electric Co., 209 F.Supp. 197 (E.D. Pa.1962). Thus, it is clear that if the Special January 1974 Grand Jury has commenced a good faith criminal investigation of petitioner, the petition to quash must be denied.

■ In response to petitioner's charges, the Special Attorney for the Department of Justice involved in this matter has represented, in an affidavit, that the grand jury "has been and is now conducting an investigation into possible violations of Title 26, United States Code, Section 7206." The affidavit does not specifically name the petitioner.

The court directs the Special Attorney named in the affidavit to submit a supplemental statement that the grand jury has commenced a good faith criminal investigation of the named petitioner. In re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464 (E.D.Pa.1971). The petition to quash shall be denied on the condition that the supplemental affidavit be filed with this court within five days of the entry of this order.

It is therefore ordered:

1. The petition to quash the subpoena of the Special January 1974 Grand Jury shall be, and the same is hereby, denied.

2. The Government's petition for a court order directing petitioner to furnish exemplars of his handwriting to the Special January 1974 Grand Jury shall be, and the same is hereby, granted.

3. The government shall submit a supplemental affidavit in accordance with the provisions of this memorandum.